We'll hear argument this morning in Case 16-658, Hamer v. Neighborhood Housing Services of Chicago. Mr. Herstoff? Mr. Chief Justice, and may it please the Court, one of the fundamental tenets of our constitutional structure is that only Congress can set the jurisdiction of the lower courts. Based on that fundamental principle, Federal Rule of Appellate Procedure 4A.5c is non-jurisdictional. The plain language of 28 U.S.C. Section 2107c is unambiguous. A district court can extend the time to appeal as long as a motion is timely filed and there's been a showing of excusable neglect or good cause. No maximum extension of time is set in the statute or in any other statute, and therefore, Rule 4A.5c does not constitute a limitation on a court's jurisdiction. Because of that, Rule 4A.5c is subject to forfeiture, waiver, and equitable considerations. And here, there have been several acts of forfeiture and waiver. The Respondents forfeited their right to rely on Rule 4A.5c by not ---- Should we reach that question, Counsel? I mean, the Seventh Circuit typed this limitation as jurisdictional, so they never went on to consider any question of forfeiture or waiver. So are you suggesting that we should decide those questions in the first instance? I submit that the record is sufficiently clear that the Court can reach that issue here. Certainly, the Court has discretion just to have it considered on remand, but we do think that the forfeitures and waivers are clear here. The issues of equitable considerations, special circumstances that you talk about, are there limits to those? I mean, let's say the issue comes up three years later. Can the district court at that point consider to extend the time to appeal? Well, certainly, the equities would have to be weighed. Certainly, the longer the extension is, perhaps the less reasonable it is for an appellant to rely on the district court's order. But assuming that an order is relied on in good faith by the appellant, there's been no objection from the other side, there's been no showing of bad faith, we think that the equities should be considered. And here it's undisputed that Ms. Hamer was misled by the district court's order. There's absolutely no showing of bad faith here. The Seventh Circuit itself recognized that Ms. Hamer was misled, and under those circumstances, we think that equitable considerations should require that the appeal be decided on the merits. But who misled her? Was it the court or was it her own attorney? Was this malpractice on the attorney's part for asking for an extension that exceeded the Federal rules, assuming it's non-jurisdictional, that the statute is — that you're right, that this is a non-jurisdictional barrier, it would still be a statutory barrier, a Federal rules barrier? Yes. And we think that Ms. Hamer was misled by the district court's order. It's certainly true that she may have also been misled by the attorney's motion for the equalities that should be considered. That was an attorney who simultaneously was asking to be relieved from representing her, right? That's correct, Justice Ginsburg, yes. And this case is directly analogous to Harris Truck Lines. In Harris Truck Lines, the attorney asks for an extension of time that was prohibited both by rule and by statute, and yet this Court held that the reliance on the extension of time required that the equities be considered and required that the appeal be decided on the merits. And we submit here the same course should be followed. As a matter of custom and usage in the district courts, could you just tell me, suppose the verdict is returned or the judge indicates what the ruling will be, can both sides and do both sides sometimes say, please don't enter the judgment, Your Honor, so that we can talk settlement? Does that happen? So, no, do the parties ask that the district court withhold it? Yes. In other words, both parties tell, in order to avoid these problems, say, please don't enter judgment. And that certainly can happen in this particular case. Does it happen? I was curious to know. I've certainly seen some instances where a court comes out with a decision and then a judgment, and that can certainly happen. Here, the final judgment was entered alongside these. My question was a little different. Could they say, Your Honor, we're in settlement negotiations. Could you please withhold entry of judgment? I'm not sure that I've seen that specific scenario, especially in the summary judgment context where the motion was pending. What I have seen is where summary judgment motions are pending and the parties ask the court not to issue a decision at all. I'm not sure I've seen a situation where a decision is out and the parties have asked the court to withhold. Could the parties in the district court agree to withhold entry of judgment for years and, therefore, prejudice the court of appeals when ultimately it has a case that's old? For years, no, because Rule 58 of the Rules of Civil Procedure says that the judgment is considered to be entered 150 days. Is it 180 days or something like that? Yes, Justice Kennedy. Right. So, but outside of that, I don't see any barrier to the parties asking the court to do that. We have one brief, an amicus brief in this case, telling us that we were wrong in drawing the distinction between what's in a statute, jurisdictional, what's in a rule, non-jurisdictional, that instead anything that shifts a case from one court to the other, as notice of appeal does, that should be considered jurisdictional. This is Professor Dodson's brief. Yes, and I respectfully disagree with that for a couple of reasons. That formulation of jurisdiction is inconsistent with this Court's case law and also with the Rules of Civil Procedure. For instance, under Professor Dodson's formulation of jurisdiction, the time to appeal from the VA to the Court of Appeals for Veterans claims would be jurisdictional because it involves the transfer of adjudicatory authority. Yet this Court unanimously held that that time period is non-jurisdictional. Similarly, Federal Rules of Civil Procedure, such as Rules 54b and 23f, would be jurisdictional under Professor Dodson's formulation. But we know from Rule 82 that the Rules of Civil Procedure are non-jurisdictional, so therefore Professor Dodson's formulation of jurisdiction is incorrect. Do you think a rule can ever be jurisdictional without being codified in a statute? A rule that is not in a statute, no. I think that it cannot be jurisdictional. But that's a flat rule. There are no exceptions to it. What if the rule, for example, interpreted statutory language? If the rule interpreted statutory language, then perhaps under that interpretation of the statute, the statute could be jurisdictional. But the rule on its own could never be jurisdictional. And why is that? It stems from a long line of this Court's cases, such as Kondrick, and it also stems from Article III of the Constitution, which says that it's for Congress to establish the lower courts. So the ---- Ginsburg, I think it was in Justice Thomas' decision, between statute and rule pretty clearly. Yes, Justice Ginsburg. Bowles v. Russell establishes that. Kondrick v. Ryan establishes it. And cases as far back as the 1940s and perhaps even earlier have also said that court promulgated rules cannot be jurisdictional. So we think that the same course should be followed here. The rule by its terms, I suppose, it says you've got to file the motion no later than 30 days after the time prescribed under Rule 4A, right? That's right, Mr. Chief Justice. But then it's quite clear that that's not jurisdictional, right? Rule 4A, 5C is not jurisdictional, yes, Your Honor. No, I'm talking about the time to file the motion for an extension. Oh, I'm sorry, the time to file, yes, under Bowles, that probably would be jurisdictional because it's right in the statute as well. So now the first sentence of Section 2107c sets the time to file the motion. So I think under Bowles, that would likely be jurisdictional. The motion for an extension. The time to file the motion, yes, that would be jurisdictional, whereas the length of the extension would not be and would therefore be subject to a ---- What do you make of the argument that at one time it was in the statute and it was left out inadvertently? They respectfully disagree with that. I think the plain language of the statute is very clear, and this Court presumes that Congress intends its amendments to have effect. And aside from that, the legislative history shows that Congress knew exactly which limitations it was incorporating into the statute, specifically the House report says that it is incorporating the first sentence of Rule 4A.5 into the statute, which is the time to file the motion and the requirement that there be excusable neglect or good cause. That was being incorporated, whereas the entirety of Rule 4A.6 was being incorporated. So certainly Congress made a specific decision which parts to incorporate and which parts not to incorporate. Well, they also said these were only technical changes, right? That was said, however, a comparison between the old statute and the new statute shows that very significant changes were made. The older statute only permitted an extension of time if there was excusable neglect plus a lack of notice. Here, there can be an extension of time under the 1991 statute if there's any showing of excusable neglect or if there's any showing of good cause. Additionally, the statute in the second part of 2107c permits a reopening of the appeal time if there's a showing of lack of notice, even if there's no excusable neglect. So certainly that's the part that was carried over the time limit in the case where the would-be appellant didn't receive timely, didn't receive notice of the judgment, that the judgment had been entered. Yes, Your Honor, that's right. But excusable neglect was not required there, whereas it was under the old statute. So certainly the 1991 statute is much more permissive toward extensions of time than the old statute, and really the new statute codified what had been in the Federal rules since the 1960s. So certainly the 1991 statute made very significant changes. Do you think there's anything that would bar the rules of the appellate procedure from altering doctrines like forfeiture waiver and exceptional circumstances? I think that certainly is possible for the rules to do that. I don't think it was done here, but yes. Well, this is, assuming it's not jurisdictional, it is a mandatory claims processing rule. Yes, Your Honor. And it comes, it follows from a version of the statute that did impose a hard time limit, did it not? I would, I would. The prior version of the statute had a time limit. It did, yes. And there's at least some question whether Congress really intended to eliminate that or whether it was done inadvertently or whether it was done on the assumption that a time limit in the rules would also be jurisdictional, as this Court had suggested in some earlier cases. Is all of that, is any of that untrue? I would disagree that there's any evidence that the omission was, was inadvertent. Although it's true that the old statute did have a 30-day time limit on extensions, the conditions to get that 30-day extension were much different from the 1991 statute. Ginsburg-Miller That was the requirement. You could get an extension if you weren't notified of the entry of judgment. And there was no provision for any extension, no time period attached to any request for extension other than one where you didn't get notice of the entry of judgment. Isn't that so? Under the old statute, there was a requirement that there be a lack of notice plus excusable neglect. So both of those conditions had to be met in order for there to be an extension of time, whereas here there's a provision for an extension of time where there's excusable neglect but no lack of notice. There's a separate provision for an extension where there's lack of notice but no excusable neglect. So what I'm saying is that's what's new. That was not in the original. Yes, Your Honor, that's correct. Well, given that this is a mandatory claims processing rule, and you said that you didn't think there was anything that would prevent the rules from altering doctrines like forfeiture and waiver, would it be within the discretion of the court of appeals to say that we are going to treat this rule, even though it's not jurisdictional, in some respects as if it were jurisdictional, so that, for example, we will sua sponte? I think that would be inconsistent with this Court's case law, which says that forfeited issues should not be raised sua sponte unless there are exceptional circumstances, extraordinary circumstances, I think was the terminology that was used, and here there are no such extraordinary circumstances that would allow a court of appeals to address the sua sponte. Now, how is that consistent with your answer that you think that doctrine could be changed via a rule? Although, oh, I'm sorry, maybe I misunderstood your question, my understanding of the question. Well, if the doctrine could be changed by rule, could a court of appeals interpret the rule as changing the doctrine? After all, it is a mandatory claims processing rule. There has to be some teeth in the concept of mandatory. I think there certainly are teeth here. If there's not. It means if you raise it, it's mandatory, but a mandatory claim processing rule can be waived. So that's the difference. What's mandatory is if the point is made, then the mandatory rule applies. But if a defendant doesn't or an opposing party doesn't raise it, it can be waived. Yes, Your Honor, that's my understanding. And what I understood Justice Alito's question to be was whether by rule, the Federal rule could say that there's no forfeiture or waiver allowed, that we don't consider forfeiture or waiver. Certainly that's possible, but that was not done here with Rule 4a, 5c. And certainly this Court has long interpreted the Federal rules to facilitate disposition of cases on their merits. For example, in Surowitz, the Court said that. Foman v. Davis, the Court held that an appeal had to proceed despite the fact that there is a defect in the notice of appeal. So there's been a long history of the Federal rules being interpreted to maximize the resolution of cases on their merits. And I submit that Rule 4a, 5c is no different. But if a court were, by rule, to say no waiver, no forfeiture, then it would be the same thing, in effect, as declaring the rule jurisdictional. It would have the same effect, yes. It might not be. And the rules are not supposed to do that. They generally do not. They certainly haven't in the history of the rules. My understanding of Justice Alito's question was that hypothetically, if the rules were changed to make that kind of provision, whether that would be permissible, we'd have to look, certainly, to see if that would be consistent with the Rules Enabling Act, which the — and whether such a no forfeiture rule would be consistent with that. Alito For whose — for whose benefit do you think something like the 30-day rule was adopted? Solely for the benefit of the — of the appellee? For the — it is for the benefit of the appellee. It's also for the benefit of the — of the courts. Ah. Well, if it's at least partly for the benefit of the court, then why is the court stuck with whatever the appellee does on the issue of forfeiture? If the appellee is asleep and this rule was supposed, at least in part, to protect the jurisdiction of the court of appeals, why can't the court of appeals put some teeth in this? Not by treating it as strictly jurisdictional, but as having — putting a thumb, certainly, on the scale in — in applying the doctrines that you're relying on. Well, I think that's where this Court's case law regarding extraordinary circumstances comes in. Under extraordinary circumstances, a court of appeals can raise a violation to a sponte. My argument is — What would those circumstances be? Generally, the Court has found those kinds of circumstances in the habeas corpus context, where there are federalism concerns. Certainly, although I haven't seen a case like this, there could be a situation where there's clearly bad faith on the part of the appellant, and for some reason the appellee doesn't notice the error, and the court of appeals can look past that and say there's bad faith here and we're going to enforce the rule. But certainly nothing like that has happened here. So because Rule 4A.5c is non-jurisdictional, we submit that it is subject to forfeiture of the waiver and equitable considerations based on this Court's case law, based upon Federal statutes, and based upon the — on the Federal rules. And if there are no further questions, I'd like to reserve the balance of my time, please. Thank you, Counsel. Mr. Stewart. Mr. Chief Justice, and may it please the Court, there's one fact that's undisputed in this case, and that is that Ms. Hamer filed her notice of appeal outside of the 30-day limitation that's set forth within Rule 4. And there are two approaches that the Court can take in this situation. One, the route taken by the Seventh Circuit below, which held that Rule 4A.5c is jurisdictional. And alternatively, the Court can do what it did the last term in the Manrique case, and decline the rule on the jurisdictional issue, and instead find that, at minimum, this is a mandatory claims processing rule, that the Respondents timely raised the issue in premerit's briefing to the Seventh Circuit, and that the district court was — But it was not raised in the district court, and that's the problem. That is, the judge says, fine, I'll give you 60 days, because you have to find a new counsel. The defendant is well aware of that time extension, and if the defendant had read the rules, would recognize that they say 30 days, not 60 days. But on your view, the defendant could deliberately say nothing, and then on appeal, when it's too late for the district court to correct the error, say, sorry, mandatory, and I'm — under your rules, court of appeals, I don't waive anything. It's — it allows the defendant to create a trap. That certainly isn't what happened in this case, Judge — Justice Ginsburg. And what I think the Petitioner's argument that — in the question that you're interposing, it ignores sort of the realities of litigation. What — there are certain occasions in a litigation where — generally, we're all in litigation where you focus more clearly on the rules, and those instances usually occur when there's something to do, when there is something obligating us to do something. For instance, if we had to — if Petitioner's counsel, former counsel, had conferred with us, then we would have looked at — perhaps may have looked at the rule to determine whether — what is — what is the rule, what is the time frame that, in that case, we may have been able to do something. But you would have been able to if you got notice, even if you were not — you didn't — weren't consulted in advance. Once you know that there has been a 60-day order issued, you were free to say, Judge, that was a mistake. You can't do more than 30 days. And again, so we were not — we were not given the opportunity to look at the rules. We didn't have an opportunity to respond. You didn't have an opportunity to look at the rules? Well, there was no occasion for us to do so. In other words, once the motion was filed, usually you would have had an opportunity to object or interpose a response. That opportunity didn't come to pass. So the — the untimeliness — Could you slow down and tell me why not? You were served with notice of the motion, weren't you? We were. And the order was entered hours after we received the motion. So we didn't have the opportunity, really, to look and then interpose an objection. But once that order was filed, then we're in a different place. And there's no obligation, there's no rule, there's no statute or any guidance that suggests that once an order was filed, that we would have had an obligation to file, perhaps, a motion for reconsideration, which is what the petition says. But to first — you certainly — even in the Court of Appeals, you said, no jurisdictional problem here. We concede that the Court of Appeals has jurisdiction. So — and that was long after you could have looked at the rules. You said twice in your docketing statement that the Court of Appeals had jurisdiction. And it was only Seventh Circuit, by raising the question, that then you latched on to it. Right. And so we made those statements in a docketing statement, which is a tool used by the Seventh Circuit for administration of the courts. And certainly, there is a preliminary statement on jurisdiction where we made the representations to the court that we did. That was a mistake. But there was no consequence to that mistake. In other words, the way the Seventh Circuit's — in the Seventh Circuit's practitioner's handbook, it gives an opportunity for the appellees to correct any mistakes that are contained in a docketing statement. And that is exactly what happened in this case. The very next day, the Seventh Circuit required the respondents to brief the issue of jurisdiction. We responded seven or eight days later, notified the Seventh Circuit that, at minimum, this was a mandatory claims process. Just so we understand the purpose of a docketing statement, I think, unless the Seventh Circuit does not identify the legal questions that will be implicated by the case, correct? Correct. And that also gives the court the power to decide whether some sort of mediation or some sort of bifurcated briefing or whatever else is necessary. So it serves a function, doesn't it? It does. It does. All right. So the fact that you made these statements didn't notify the Seventh Circuit that you had not forfeited this claim, correct? Correct. So why didn't you forfeit it by making the statement? Because the Seventh Circuit's are not binding. In the — the docketing statements are not binding. They — the rules, they specifically spell out that there are any inaccuracies, any mistakes made in the docketing statement. The court will look at that docketing statement and require the parties to correct it, which is exactly what happened in this case. I'm sorry. I don't know that correction — what correction means. And that may be a reason for us to remand this issue to the Circuit. But I take correction to mean there's an error in the record, not an error in my concessions. So there was — we made — we made a mistake in describing that the Petitioner had filed a notice of appeal in a timely manner. She didn't. The Seventh Circuit required us to brief that issue. We did in the — in our initial — in our pre-merits briefing to the Seventh Circuit. We corrected it and notified the court that there was a problem with the timeliness of her notice of appeal, that this was a violation of a mandatory claims process. Well, the Second — Seventh Circuit said — tipped you off to this. You didn't tell the Second — that you suddenly discovered this. Seventh Circuit interjected it into the case. But if the rule is mandatory but not jurisdictional, then the Seventh Circuit had no business tipping you off. We follow the principle of party presentation, and it was up to you to raise it, not up to the Court of Appeals to tell you. So this Court's jurisprudence from Kontrick, Eberhardt, and especially in Manrique, the issue of raising the — the issue that the violation of a mandatory claims processing rule is timely when it's raised at the initial brief in the Circuit Court. We did better than that here. We raised it in pre-merits briefing to the Circuit. And where — I know that's the Seventh Circuit rule, that you can raise it before the — any time before the briefing on the merits, but where else is it the rule? In — in the Manrique case. In Manrique, the government raised the issue of the timeliness of the notice of — of the untimeliness of the notice of appeal in merits briefing before the Eleventh Circuit. Mr. Stewart, do I understand you to no longer be relying on the argument that this is a jurisdictional rule? No. We — we do believe that this is a jurisdictional rule. Because you've been standing up there for a while now making arguments that would be true if it weren't a jurisdictional rule. Right. I mean, so which is it? Do you think that this is a jurisdictional — that this is a jurisdictional rule or that it wasn't, but still we should accept what the Seventh Circuit did? So our argument is that this is — this is a jurisdictional rule. And because of that, you don't consider any of the equities. But in the alternative, if this Court declines to determine that this rule is still jurisdictional, at minimum, it is a mandatory claims processing rule and that the petition should be dismissed on that basis. I think what Justice Ginsburg said a while ago is that when we have used that term in the past, what we've meant is that it's — it's — it's a mandatory claims processing rule that you have to follow unless the party — the other party forfeits the issue. There was no — Or unless there's a very good reason. You know, there's some kind of extra special excuse that you have. Right. But, you know, where there is a forfeiture and where that — that's the end of the matter, we can call it a mandatory claims processing rule or not, but you forfeited it. So this — we believe that the rule is jurisdictional because it has a statutory basis. Rule 4A-5C, the — the 30-day limitation that is contained in Rule 4A-5C was present in the rule and the statute when the rule was promulgated. And although the 30-day — the specific limiting language of 30 days is no longer in the statute, we do not believe that there was any intention by Congress to strip the rule of the jurisdictional nature that it enjoyed for decades. But it was never in the statute with respect to a case like this. The only provision in the statute was when there was a failure to get notice of the entry of judgment. There was nothing in the statute covering a case where there was a reason other than failure. Just the statute was blank on that. It's no longer blank. It gives permission for an extension. But the way the pre-1991 statute read, it provided the district court's authority to extend the time to file a notice of appeal upon a showing of excusable neglect. Now, it's true, there was only one condition that Congress deemed to constitute excusable neglect in the prior 1991 statute, and that was if a party did not receive notice. But the idea and the concept that the 30-day — that a 30-day limitation was premised on a showing of excusable neglect, it still remains in the statute today. Ginsburg. Did excusable — well, what was the text of the statute? I thought it was clear that it only applied in the case of failure to receive notice of the entry of judgment. I'll read the text to you, Your Honor. The district court may extend the time for appeal not exceeding 30 days from the expiration of the original time herein prescribed upon a showing of excusable neglect based upon a failure of a party to learn of the entry of the judgment. So it was based upon — so that was the only condition. That was the only condition. But the idea and the concept was you had to demonstrate excusable neglect. Now, certainly in the rule, what — you know, the rule did morph over time and evolved to take into account other things, good cause, for instance. And eventually, Rule 4A6 came into being, which is what the 1991 amendments were conforming there to. But there is no evidence that any member of Congress ever criticized the 30-day limitation in Rule 4A — 4A5. So you disagree with the — when this issue was before the D.C. Circuit, the D.C. Circuit, it was nowhere in the U.S. Code. And that is true. It doesn't appear in the U.S. Code. The — the limiting 30 days is no longer in the — in the U.S. Code. That is correct. We believe that it was inadvertently omitted in the 1991 amendments. That's our position. I didn't hear you. Is there any direct legislative history saying that it was inadvertent? No, it is not. And I think the issue that we have is the silence now informs — the silence is informed by the — So where else have we ever — give me your best authority for us reading into a statute omitted language? Your Honor, I can't give you a precise case that comes up with a situation like this. But I think the history of this rule, going back nearly a century, that the deadlines regarding notices of appeals have been treated as jurisdictional in American courts for a century. If Congress intended to change the jurisdictional nature of the rule, it would have said so. And there's nothing in this legislative history that suggests Congress intended to do that. Well, there is a problem with that because it did change the rule fundamentally when it permitted the opening of a judgment for six months if you didn't receive notice of it. That's a fairly radical change from the norm. And so why would it be inappropriate to assume that Congress intended for a district reasonable time for excusable — or for a good cause? So you look at the inconsistency that was established then, right? If a party — a district court could extend the time up to 14 days once a party who never received notice of the final order, the district court could extend the time to file that notice of appeal for 14 days. Under the petitioner's theory, if the 30-day limitation was removed, the district court would have the authority to extend the time to file a notice of appeal, as the Chief Justice articulated, up to three years, a year. There is no limitation. There's no limitation in the statute. That inconsistency is why we believe Congress never intended to remove it. Well, there is a limitation. It has to be for good cause. Right. For good cause. It has teeth. So it's self-limiting in that way. It is, Your Honor, but it is — it is, at best, it is ambiguous. And that's why we believe that history can inform us. So suppose there is a congressional statute which does set forth a jurisdictional rule, and Congress wakes up one day and decides, you know what, we don't think that this rule should be jurisdictional anymore. How does it change that? Through legislation, Congress can change any — any statute. Yes. So Congress would presumably pass a piece of legislation which no longer included the rule, right? They could, but you would think that they would have done so, especially in a situation like this where — But that's what Congress did here, I guess. I mean, what else do you expect Congress to do if it changes its mind? I would expect them, given the history of the deadline regarding notice of appeal, to at least have said that that's what they're going to do. Like, we're taking away this jurisdictional rule and we really mean it? There was no — in this instance, there was no mention of Rule 4856. There was no mention of the 30-day limitation. But at the end of the day, we get to the same place. If the Court is not inclined to rule that Rule 485C is jurisdictional, at minimum it is a mandatory claims processing rule. In what — in what way has your client been prejudiced by the Seventh Circuit's decision, I mean, other than not enforcing the — the rule? Is there any way — you know, witnesses, documents, anything else that is different in the appeal on the — on the merits in light of the fact that they got this extension? No, Your Honor. I can't say that we have. Right. And, Mr. Stewart, if it isn't jurisdictional, one of the questions raised is whether you would have needed to file a cross-appeal. Sure. And there's another circuit split on that question and two very fine opinions, one by Judge Hartz and another by Judge Sutton, disagreeing over that. Can you tell me why you don't think you needed to file an appeal yourself if you wish to challenge it, a district court order, given that's the normal course? Sure, Judge Gorsuch. This Court in the Jennings case described the instances where an appellee would be required to file a cross-appeal, and there are two instances. One, if the appellee is seeking to enlarge its own rights. We weren't doing that here because we'd won the case of summary judgment. The other instance would be if you're seeking to lessen the rights of the appellant. We were not doing that either. To the extent Ms. Hamer— Well, isn't that exactly what you wanted to do, is lessen the rights of the appellant by kicking the appellant out of court? To the extent Ms. Hamer had any right, it was limited to the initial 30 days under Rule 4A1— She would argue, I think, just to put her argument in the best light and let you respond to it, is I obtained this additional right from the district court of an extension of time, which allowed me to pursue this appeal in the court of appeals. And Judge Sutton would say that is an extension of a new right by the district court that you wish to extinguish and therefore need a notice of appeal. That's the line of reasoning he follows. What's wrong with that? So the problem with that reasoning is that the district court providing the additional time gave her some right. The district court didn't have the authority in the first place to give that time, and that's because of Rule 4 and Rule 26. Rule 4 says that a party has 30 days to file a notice of appeal. Rule 4A5C allows the district court to extend that period to an additional 30 days, but no more. And Rule 26 says that courts have the authority to extend the time to comply with the rules with the exception of Rule 4. So there was no opportunity for the district court to provide any further days other than what is set forth in Rule 4. So the court didn't have the authority to give her the time that it did. Ms. Hamer didn't have a right to file the notice of appeal when she did. That's why it's mandatory. Are there no further questions? Roberts. Thank you, counsel. Mr. Herstoff, 10 minutes. Thank you. Just a couple of quick points. Regarding the contract and the argument that there's no forfeiture if the issue is raised in the merits brief, that argument rests on a misreading of contract. Contract held that there is a forfeiture where, among other things, the issue had not been raised in the brief. The contract did not say that any time it is raised in the merits brief, then there's no forfeiture. Similarly, in Manrique, it was held that there was no forfeiture. But there, the first possible opportunity to address the issue was in the merits brief because the appellee there had no idea what the appellant was going to raise in their opening brief. At what point in time do you think the issue was waived? I think the issue was waived when they said in the docketing statement twice that the appeal was timely. So not before that. Nothing occurred in the district court waived the? For affirmative waiver, no. There was certainly forfeiture. When was it forfeited? It was forfeited no later than 30 days after the district court granted the extension of time. So it wasn't forfeited on the day when the district court entered the order? No, Your Honor. I'm not arguing that. Because the order didn't preclude the filing of a notice of appeal prior to the expiration of the time in the order. That's right. No, we're certainly not arguing that there was a forfeiture based upon the one-day period between the filing of the motion and the granting of the motion. So you think that the appellee had, on pain of forfeiture, they had an obligation to inform the other side and the court just prior to the running out of the time? You're going to have a problem here under the rule if you don't file your notice of appeal right away. They had that obligation to do that? They did have an obligation to do that if they wanted Rule 4A, 5C to be enforced. They also forfeited by not appealing or cross-appealing and didn't, just wanted to address. How is that consistent with the adversary system? And this isn't the other side. Did she have an attorney at that point? No, she was pro se at the time that the district court granted the motion for extension of time, because the district court granted that along with the motion for withdrawal. So Ms. Hamer proceeded pro se from then on. And so the appellees, the Respondents here, forfeited their right to rely on Rule 4A, 5C by not objecting to the extension. They also, to go to Justice Gorsuch's point, forfeited by failing to appeal or cross-appeal. The Respondents argued that their rights were not being enlarged because they got everything that they wanted from the district court's summary judgment order. However, that focuses on the wrong order from the district court. The order granting the extension of time said that she had two months to file the notice of appeal, two months extra. And here the Respondents are seeking, in essence, a reversal of the district court's order granting the extension of time and an order or decision saying that she was not entitled to that extension of time. That is the order from which the appeal had to be taken was summary judgment for the defendant. That's the judgment, right? That's the district court's judgment on the merits, yes. And the appellee wants an affirmance of that judgment. Yes, they do. And that could be affirmed on the ground that summary judgment was proper. It could also be affirmed on the ground that the notice of appeal was untimely. Well, I respectfully submit that in the latter case it would not be an affirmance. It would just be a dismissal of the appeal. So what the Respondents are seeking is not an affirmance. They're seeking an order and judgment from the appellate court saying that the district court's judgment is completely insulated from appellate review. And in order for the appellate court to do that, they would need to reverse the district court's order granting the extension of time. Well, that doesn't seem right to me. I mean, the relief they want is that they can't be sued, right? Or they win. To say that the ground on which they get to that objective makes, requires a cross appeal, I don't think that's right. Well, I respectfully submit that what the Respondents are seeking to do is to dismiss the appeal. So what they're seeking from the Seventh Circuit is not any kind of decision at all about whether the district court's judgment is correct. Well, I don't think they care whether they, the Seventh Circuit says you win or they say that your opponent's appeal is dismissed. They certainly might not care. I agree with that. However, if they're trying to get the appeal dismissed, that's lessening Ms. Hamer's rights, because without the Respondents objecting to the extension of time, Ms. Hamer is granted the right to appellate review, which is usually what any appellant has, is the right to appeal a district court's judgment. The Respondents — Every time the party that wins in the district court, wins on the merits in the district court, also thinks that it has a jurisdictional argument, they have to file a cross appeal. A jurisdictional argument? No, because the jurisdiction can be raised — All right, a mandatory claims processing argument. They have to file a cross appeal. If they're seeking to alter what the district court did, in other words, if they're trying to get the appellate court to rule that the district court was wrong in the way that they applied the claim processing rule, then yes, an appeal or cross appeal would be required. If there are no further questions, we respectfully request that the Court reverse the Seventh Circuit's judgment and remand for consideration of Ms. Hamer's appeal on the merits. Thank you. The case is submitted. Thank you, Counsel.